IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | CASE NO.: 7:19-CR-24 (WLS-TQL) |
| DILLION LUKE SINGLETARY, : | |
| : | |
| Defendant. : | |
| : | |

### ORDER

On December 5, 2024, the Court held a hearing on the United States Probation Office's Petition (Doc. 44) to revoke Defendant Dillion Luke Singletary's ("Defendant") supervised release in Case No. 7:19-CR-24, and to sentence Defendant for another criminal charge before the Court in Case No. 7:24-CR-12. This Order memorializes the revocation portion of that hearing.

Previously, Defendant pleaded guilty to Count I of the Indictment (Doc. 1), which charged him with Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant was sentenced on September 9, 2020, to a term of imprisonment of 37 months, to be followed by three years of supervised release. Defendant's term of supervised release began on October 26, 2022. On May 17, 2023, the United States Probation Office ("USPO") petitioned the Court for a warrant or summons. (Doc. 44). The Petition alleges that Defendant violated the conditions of his supervised release on five (5) occasions.

At the revocation hearing held on December 5, 2024, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of his right to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. Defendant was also advised that he was not required to testify or present a defense and whether he would testify, consistent with his right to do so, was his decision—all of which

1

Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Petition (Doc. 44) and Revocation Report (Doc. 54) and reviewed them.

Defendant stated he had spoken to Counsel about the Petition and wished to admit to the violations. Accordingly, the Court found that Defendant freely, knowingly, and voluntarily waived his right to a hearing and stipulated to the alleged violations. The Court therefore found, upon the preponderance of the evidence, that Defendant violated the conditions of his supervised release and declared Defendant's supervised release revoked.[1]

The Court heard from the Government, Defense counsel, and Defendant. Neither party objected to the Revocation Report. The Government requested a sentence of twenty-four (24) months, the maximum term under the calculated U.S. Sentencing Guidelines range, to run consecutively to the sentence imposed in Case No. 7:24-CR-12. Defendant did not oppose the Government's requested sentence but asked that he be allowed to serve any term of imprisonment imposed upon revocation of his supervised release concurrently with the sentence imposed in Case No. 7:24-CR-12. The Court determined Defendant's U.S. Sentencing Guidelines range to be twenty-four (24) months based on Defendant's Grade A violations and a Criminal History Category of IV. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant to a term of imprisonment of twenty-four (24) months.

For the aforementioned reasons, the Petition (Doc. 44) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Defendant is sentenced to twenty-four (24) months of imprisonment in the custody of the Bureau of Prisons. The term of imprisonment is to be served consecutively to the term of imprisonment imposed in Case No. 7:24-CR-12. No term of supervised release is to follow the sentence imposed in the above-captioned matter.

**SO ORDERED**, this 6th day of December 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.]'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.*